UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ORGANIC CONSUMERS ASSOC.,**<br><br>Plaintiff,<br><br>v.<br><br>**FOSTER FARMS, LLC,** *et al*.<br><br>Defendants. | Civil Action No. 24-cv-1703 |

### MEMORANDUM OPINION

Plaintiff Organic Consumers Association sued Defendants Foster Farms, LLC and Foster Farms Holdings in the District of Columbia's Superior Court under the city's Consumer Protection Procedures Act. Defendants removed the suit to this court. Plaintiff then moved to remand and for awarded attorneys' fees. Pl.'s Mot. to Remand at 1–17, ECF No. 9-1 ("Pl.'s Remand Mot."); Pl.'s Mot. for Costs and Expenses Associated with Seeking Remand at 1–6, ECF No. 10-1 ("Pl.'s Att'y Fees Mot.").

Because Defendants have not shown that this court has subject matter jurisdiction, the court will GRANT Plaintiff's Motion to Remand, but will DENY Plaintiff's Motion for Attorneys' Fees because Defendants had an objectively reasonable basis for seeking removal.

### I.  BACKGROUND

Plaintiff is a non-profit organization that advocates for healthy and safe food options and corporate transparency. Notice of Copy of Filed Compl., Ex. A ¶ 14, ECF No. 7-1 ("Compl."). Defendants sell frozen chicken products in several grocery stores in the District. *Id.* ¶¶ 3–4, 37. On Defendants' website, they claim that their products are made from chickens who have "freedom from injury, pain, disease, fear, and distress, as well as the ability to express their natural and

instinctual chicken behaviors[.]" *Id.* ¶ 58.  Plaintiffs allege that such claims "lead" consumers to believe that Defendants' chickens are "humanely sourced," *id.* ¶ 39, but that these statements are deceptive because undercover investigations have shown that Defendants do not treat their chickens humanely.  *Id.* ¶¶ 59, 67–71, 94–110.  Plaintiffs further allege that the United States Department of Agriculture's past inspections and memoranda corroborate Defendants' history of inhumane treatment.  *Id.* ¶¶ 73–92.

On April 10, 2024, Plaintiff sued Defendants in D.C. Superior Court on behalf of the District's "consumers and the general public" under the District's Consumer Protection Procedures Act ("DCPPA"), D.C. Code § 28-3901 *et seq.*; D.C. Code §§ 28-3905(k)(1)–(2); Compl. ¶¶ 10, 32, 111–13.  That Act prohibits "unfair or deceptive trade practice[s]," regardless of "whether or not any consumer is in fact misled, deceived, or damaged thereby."  D.C. Code § 28-3904.

Plaintiff does not seek monetary damages but asks the court to declare that Defendants violated the DCPPA and order them to "cease the misleading and deceptive marketing practices . . . unless and until" they change their "animal husbandry practices to comport with" their "marketing as understood by consumers"; Compl. at 30; it also seeks attorneys' fees, expert fees, and costs and disbursements and prejudgment interest.  *Id.*

On June 11, 2024, Defendants timely removed this case to this court.  Notice of Removal, ECF No. 1 ("Removal Notice").  Defendants—none of whom are citizens of the District of Columbia—assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), alleging that the amount of controversy is more than $75,000.  *Id.* ¶¶ 9–20.

## II.  LEGAL STANDARD

A defendant may remove a civil action to a federal district court that has original subject matter jurisdiction over the dispute.  *See* 28 U.S.C. § 1441(a).  If at "any time . . . it appears that

the district court lacks subject matter jurisdiction," it must remand the case to state court. 28 U.S.C. § 1447(c). A case may be removed to federal court if there is diversity jurisdiction, which requires that parties are "citizens of different States" and that the "matter in controversy exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). The removing party bears the burden to demonstrate the federal district court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If the removing party fails to make such a showing, the court must remand the case." *Toxin Free USA v. J.M. Smucker Co.*, 507 F. Supp. 3d 40, 43 (D.D.C. 2020).

### III. ANALYSIS

Plaintiff does not dispute that the parties are completely diverse. Pl.'s Remand Mot. at 1–17. The only question, therefore, is whether this case satisfies the $75,000 jurisdictional minimum. It does not.

#### A. Remand Motion

##### i. Cost of Compliance

Plaintiff argues that to satisfy federal diversity jurisdiction, "Defendants would need to establish that the $75,000 jurisdictional minimum [] is met for each member of the D.C. general public represented in this litigation." *Id.* at 4–5. Defendants respond that their total cost of compliance to provide Plaintiff's injunctive relief is "well over" $75,000 and need not be pro-rated among the D.C. public. Opp'n to Pl.'s Mot. to Remand at 9–10, ECF No. 13 ("Defs.' Remand Opp'n").

Permitting Defendants' total compliance costs to satisfy the jurisdictional minimum would violate the non-aggregation principle, which states that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335 (1969). Under the doctrine, "multiple plaintiffs with separate

and distinct claims must each satisfy the jurisdictional-amount requirement for suit in the federal courts[.]" *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973).  But "[t]he *Snyder* and *Zahn* cases did not involve the cost-to-defendant rule for computing [the] jurisdictional amount." *Fenster v. Schneider*, 636 F.2d 765, 767 n.1 (D.C. Cir. 1980).  And the D.C. Circuit has yet to "resolve any possible conflict" between the two.  *Id.*

Nonetheless, this court previously held that the non-aggregation principle applies to DCPPA claims seeking punitive damages on behalf of the public.  *Clean Label Project Found. v. Mead Johnson & Co.*, No. 20-cv-3231, 2023 WL 2733723, at *6 (D.D.C. Mar. 31, 2023).  Now, this court is persuaded by the "chorus of courts" in this district holding that the principle applies equally to DCPPA claims on behalf of the public which do not seek monetary damages.  *Earth Island Inst. v. BlueTriton Brands*, 583 F. Supp. 3d 105, 109 (D.D.C. 2022) (collecting cases).[1]  As Judge Huvelle reasoned in *Breathe D.C. v. Santa Fe Nat. Tobacco Co.*, 232 F. Supp. 3d 163 (D.D.C. 2017), although *Snyder* and *Zahn* "spoke in terms" of multiple "plaintiffs," the non-aggregation principle "extends equally to actions brought by nonprofit groups where the beneficiaries need not be added as parties to the lawsuit." *Id.* at 171.  Accordingly, in determining the amount in controversy, the court will divide Defendants' total compliance costs among the potential injunction's beneficiaries, which results in less than $75,000 per beneficiary.

Defendants provide a declaration from its Director of Integrating Marketing, who estimates that Defendants' expenditures will exceed $75,000 if the court rules in Plaintiff's favor because Defendants will have to (1) "identify[] all publicly-available" "statement[s] that could be deemed impermissible"; (2) "assess[] whether each individual statement is permissible or impermissible";

---

[1] *See also Animal Legal Def. Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 60–61 (D.D.C. 2017); *Witte v. Gen. Nutrition Corp.*, 104 F. Supp. 3d 1, 6 (D.D.C. 2015); *Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 105 (D.D.C. 2008).

and (3) "update[e]" their "websites, social media accounts other digital properties, and other publicly-available materials." Decl. of Rachel Ferrer ¶ 6, ECF No. 13-1 ("Ferrer Decl."). But because Defendants do not show that their total compliance costs divided among each member of the D.C. public would exceed $75,000, they fail to satisfy the amount of controversy requirement under a cost-to-defendant rationale.

### ii.     Attorneys' Fees

Alternatively, Defendants argue that the total attorneys' fees that Plaintiffs may be awarded in this case will exceed the $75,000 jurisdictional minimum. Defs.' Remand Opp'n at 9–13. "Attorney fees are part of the amount in controversy if they are provided for by statute or contract." *Zuckman v. Monster Beverage Corp.*, 958 F. Supp. 2d. 293, 301 (D.D.C. 2013). The DCPPA provides for attorneys' fees. D.C. Code § 28-3905(k)(2)(B).

For the same reasons discussed above, several district courts in this Circuit have also applied the non-aggregation principle in the attorneys' fees context. *See e.g.*, *Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 73 (D.D.C. 2014) (recognizing that "district courts of this [C]ircuit have generally adopted" the view that "attorneys' fees" can satisfy the amount of controversy on a "pro rata basis"). This court follows suit. Because Defendants have not shown that Plaintiff's potential attorney fees would exceed $75,000 on a pro rata basis, Defs.' Remand Opp'n at 12–13, the court finds that this argument fares no better than Defendants' cost of compliance theory.

Defendants' counterarguments for both of their jurisdictional theories are unpersuasive. First, they argue that the non-aggregation principle does not apply to DCPPA claims brought by a single plaintiff, or to nonplaintiffs who benefit from the potential relief. Defs.' Remand Opp'n at 13–18. But Plaintiff has a right to sue on behalf of the D.C. public. Compl. ¶ 30; D.C. Code §§ 28-

3905(k)(1)–(2). The public includes individuals who would have separate and distinct claims against Defendants because their alleged behavior has a material effect on consumers. Compl. ¶¶ 39, 53, 55, 58. The court cannot find it has jurisdiction simply because of "the way a lawsuit is framed—as a private attorney general action by a nonprofit versus a putative class action by an individual[.]" *Breathe D.C.*, 232 F. Supp. 3d at 171.

Defendants also contend that the non-aggregation principle's rationale is undermined because they could not satisfy the jurisdictional minimum of $75,000 unless they incurred costs in excess of $51.75 billion—$75,000 multiplied by the number of D.C. residents. Defs.' Remand Opp'n at 3, 18–20. But the non-aggregation principle's rationale does not turn on how high the total jurisdictional minimum could be for Defendants. After all, the minimum could be "more or less depending on the number of [potential] beneficiaries." *Animal Legal Def. Fund*, 249 F. Supp. 3d at 61. Rather, the principle's rationale is tied to whether named and unnamed potential plaintiffs may seek relief. *Breathe D.C.*, 232 F. Supp. 3d at 171. Because members of the D.C. public could seek relief, and the DCPPA provides Plaintiff the right to sue on their behalf, the non-aggregation principle is appropriately applied here.

**B. Attorneys' Fees**

Plaintiff requests "costs and expenses, including attorneys' fees, associated with seeking remand[.]" Pl.'s Att'y Fees Mot. at 5–6. These costs may be awarded if the "removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). A basis for removal is objectively reasonable when it "has at least some logical and precedential force[.]" *Knop v. Mackall*, 645 F.3d 381, 383 (D.C. Cir. 2011).

Defendants had such a basis for seeking removal. Their motion emphasized the "lack of recent, controlling [Circuit] authority" regarding "how the non-aggregation and [other] doctrines interact[.]" *Organic Consumers Assoc. v. Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d

74, 79 (D.D.C. 2016) (internal quotation marks and citation omitted); Defs.' Remand Opp'n at 7–25. Moreover, Defendants correctly argued that this court is not bound by the "thrust" of district court opinions in this Circuit that have remanded DCPPA claims based on a lack of diversity jurisdiction. *Breathe D.C.*, 232 F. Supp. 3d at 172; Defs.' Remand Opp'n at 15–16. Consequently, the court will not award Plaintiff attorneys' fees associated with this remand litigation.

## IV.  CONCLUSION

For these reasons, the court will GRANT Plaintiff's Motion for Remand and DENY Plaintiff's Motion for Attorneys' Fees. An accompanying order will follow.

Date: March 26, 2025

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge